UNITED STATES of America, Appellee,

v.

James J. MASSA, Appellant.

No. 87–2125.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1988.

Decided Aug. 19, 1988.

John W. Leskera, East St. Louis, Ill., for appellant.

Terry I. Adelman, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,* Senior District Judge.

McMILLIAN, Circuit Judge.

James J. Massa appeals from a final order entered in the District Court[1] for the

Eastern District of Missouri denying his motion for a reduction in sentence under old Fed.R.Crim.P. 35(b).[2] For reversal, Massa argues that the district court on remand erred in failing to comply with this court's instructions in *United States v. Massa*, 804 F.2d 1020, 1023 (8th Cir.1986). We affirm.

In April 1983 a jury convicted Massa of multiple counts of mail fraud, wire fraud, securities fraud, and conspiracy to defraud the Internal Revenue Service for his participation in a massive swindle of the Stix & Co. brokerage of St. Louis, Missouri. On May 27, 1983, the district court sentenced Massa to twenty years imprisonment, five years probation, and $53,000 in fines. Massa appealed and this court affirmed the conviction. *United States v. Massa*, 740 F.2d 629, 633–36 (8th Cir.1984), *cert. denied*, 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

Massa then filed a motion for a new trial based on newly discovered evidence and a motion for reduction of sentence. Both motions were denied and Massa appealed to this court. On appeal, this court affirmed the denial of the motion for reduction of sentence, but in connection with a reversal in part of the denial of a new trial, remanded the matter to the district court with instructions "to grant Massa a hearing in order to develop the psychiatric evidence" and to determine whether the psychiatric testimony mandated a reduction in sentence. *United States v. Massa*, 804 F.2d at 1023.

On remand, the district court held an evidentiary hearing and found that Massa's psychiatric problems were "not significantly different from the characteristics the Court has seen in most defendants in similar frauds, scams, and embezzlements." *United States v. Massa*, No. 82–277CR(1), slip op. at 2 (E.D.Mo. Aug. 4, 1987). The district court thus denied Massa's motion

---

* The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable John F. Nangle, Chief United States District Judge for the Eastern District of Missouri.

2. Under the Comprehensive Crime Control Act of 1984 new sentencing guidelines became effective November 1, 1987. The new guidelines seek to eliminate wide disparity in sentencing.

for reduction of sentence. *Id.* This appeal followed.

Massa principally asserts that the district court failed to comply with this court's instructions on remand and abused its discretion in denying his motion for reduction of sentence. We disagree. Pursuant to this court's instructions, the district court held an evidentiary hearing, heard additional psychiatric testimony, the arguments of counsel, and considered supplemental briefs and exhibits. Further, pursuant to our directions, the district court on remand reconsidered Massa's motion for a reduction of sentence in light of the new psychiatric evidence, established at the hearing. The district court then concluded that Massa's psychiatric condition which was diagnosed as a borderline personality disorder, with wide mood swings, did not warrant any reduction of sentence. Under these circumstances, we hold the district court did not abuse its discretion in denying the motion for reduction of sentence.

Accordingly, we affirm the district court's denial of Massa's Fed.R.Crim.P. 35(b) motion.